IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMBER POINT PROPERTIES III, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-CV-03449-S-DGK |
| | ) | |
| BANK OF AMERICA, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

This case concerns a foreclosure. Plaintiff Timber Point Properties III, LLC ("Timber Point") owned a lot and house in Branson, Missouri that was sold in a foreclosure orchestrated by Defendants Bank of America, N.A. ("Bank of America"), Millsap & Singer, P.C., and Millsap & Singer, LLC (collectively, "the Millsap entities").

Pending before the Court are the following six motions: Defendants' motion to dismiss (Doc. 2); Defendants' motion to stay the Rule 26(f) conference and discovery until resolution of the motion to dismiss (Doc. 6); Timber Point's motion for leave to file a second amended complaint (Doc. 20); Timber Point's second motion for leave to file a second amended complaint (Doc. 31); Timber Point's motion for partial summary judgment (Doc. 39); and Defendants' motion for leave to serve interrogatory to Timber Point in response to this Court's Show Cause Order (Doc. 42).

For the reasons stated below, the Court grants Timber Point's motion to file an amended complaint and Defendants' motion to serve a particular interrogatory on Timber Point, but denies all other motions.

**Background**

Construing the Complaint liberally and drawing all reasonable inferences in Timber Point's favor, the Court finds the relevant background facts as follows[1]:

In 2006, Ryan McKinney ("McKinney") purchased a house and lot at 154 Hummingbird Hills Lane in Branson, Missouri (the "Property"). McKinney executed a deed of trust (the "Deed of Trust") on the property naming Lincoln-Evans Land Title Company as the trustee, himself as the borrower, and the Mortgage Electronic Registration System, Inc. ("MERS") as the beneficiary. MERS was the nominee for National City Bank, the lender.

Over the next few years, parties to the Deed of Trust were substituted. In 2012, MERS assigned its interest to holders of the Merrill Lunch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF2 (the "Series 2007-FF2 Trust"), through its trustee U.S. Bank, N.A. ("U.S. Bank"). In March 2013, U.S. Bank appointed Millsap & Singer, P.C. as successor trustee. Millsap & Singer, LLC is Millsap & Singer, P.C.'s counsel. In July 2013, McKinney conveyed the Property through quitclaim deed to Timber Point.

In November 2013, Millsap & Singer, P.C. non-judicially foreclosed on the Property to satisfy Bank of America's lien on the Property. U.S. Bank purchased the Property at the foreclosure sale on behalf of the Series 2007-FF2 Trust. Millsap & Singer, LLC has instituted an unlawful detainer action in Missouri state court to oust Timber Point from its possession of the Property. *See U.S. Bank Nat'l Ass'n v. McKinney*, No. 14AF-AC00010 (Mo. Cir. Ct. filed Jan. 6, 2014).[2]

---

[1] By "Complaint," the Court is referring to the pleading captioned "First Amended Petition for Declaratory and Injunctive Relief" (Doc. 1-1), attached as an exhibit to Defendants' Notice of Removal (Doc. 1).

[2] Although U.S. Bank filed the state court lawsuit against McKinney, Timber Point is litigating as an intervenor and admits it is still in possession of the property. *See McKinney*, No. 14AF-AC00010 (order filed Jan. 30, 2014).

Timber Point now contests the process that led to the foreclosure. It states that it has never seen the accompanying promissory note, and doubts that it exists. Timber Point believes that Bank of America impermissibly foreclosed on the Property, because U.S. Bank, not Bank of America, held the promissory note. It believes that the appointment of Millsap & Singer, P.C. as successor trustee was invalid.

The Complaint (Doc. 1-1) asserts three counts against Defendants: (1) declaratory judgment; (2) quiet title; and (3) "Request for Preliminary and Permanent Injunctive Relief." Defendants moved to dismiss the Complaint for failure to state a claim (Doc. 2) and to stay discovery until the Court ruled on the motion to dismiss (Doc. 6). Timber Point filed suggestions in opposition then moved for leave to file an amended complaint (Doc. 20). After that motion was fully ripe, Timber Point filed a second motion to file an amended complaint (Doc. 31). Both of Timber Point's motions sought leave to file a "Second Amended Petition" without distinguishing between the two prospective amended complaints.

Two weeks after filing reply suggestions for its second motion, and with the motion to dismiss still pending, Timber Point moved for partial summary judgment on the Complaint (Doc. 39).

Around this time, the Court became aware that Timber Point, a limited liability company, had not yet disclosed the citizenship of its members as required for the Court to ascertain whether the diversity requirement for subject-matter jurisdiction is met. In response to an order for the parties to show cause (Doc. 41), Defendants responded that Timber Point refused to disclose its membership. They moved for leave to file a single interrogatory on Timber Point to that effect without waiving their motion to stay discovery (Doc. 42). In the meantime, Defendants indicated that they reasonably believed that Timber Point's counsel, a Missouri

resident, was the only member of Timber Point (Doc. 44).[3]  Bank of America is a citizen of North Carolina, and the Millsap entities are all citizens of Missouri.

The Court now takes up the six pending motions described above.

## Discussion

### I. The Court has subject-matter jurisdiction.

A federal court must remand a removed case to state court if it determines at any time that it lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); *see* Fed. R. Civ. P. 12(h)(3). In a diversity case such as this, a federal court lacks subject-matter jurisdiction if any plaintiff is a co-citizen of any defendant. 28 U.S.C. § 1332(a)(1). The Court has concerns that some adverse parties might be co-citizens, and so now determines sua sponte whether it has subject-matter jurisdiction to hear this case.

In determining whether diversity exists, the court disregards the nominal parties and rests jurisdiction upon the citizenship of the real parties in interest. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980). Under Missouri law the trustee to a deed of trust is not an indispensible party to an action affecting a deed of trust. *Caranchini v. Kozeny & McCubbin, LLC*, No. 4:11-CV-464-DGK, 2011 WL 5921364, at *3 (W.D. Mo. Nov. 28, 2011) (citing *Libby v. Uptegrove*, 988 S.W.2d 131, 132 (Mo. Ct. App. 1999)). Therefore, the court may ignore the citizenship of a trustee who "has no ownership in [the p]laintiff's property" and "has no independent right to sell or dispose of the property" under the deed of trust." *Id.*

In the present case Millsap & Singer, P.C. is the trustee for the Deed of Trust. It has no ownership interest or right to sell the Property under either Missouri common law or the Deed of Trust. Consequently, both Millsap & Singer, P.C. and its counsel Millsap & Singer, LLC are

---

[3] Plaintiff has refused to answer Defendants' interrogatories concerning its citizenship until discovery commences (Doc. 47).

4

nominal parties to each count and the Court ignores their citizenship for purposes of determining whether diversity jurisdiction exists. *See Caranchini*, 2011 WL 5921364, at *3.

Without the Millsap entities, there remains only Timber Point, whose sole member appears to be a citizen of Missouri, and Bank of America, a citizen of North Carolina. There is sufficient diversity of citizenship, so the Court has subject-matter jurisdiction. *See* 28 U.S.C. § 1332(a)(1).

**II.     The Court grants Timber Point leave to amend its complaint.**

The Court will begin with Timber Point's second motion for leave to file a second amended complaint. Timber Point served the Complaint on Defendants on November 8, 2013. Timber Point filed this motion on March 11, 2014, after Defendants' motion to dismiss and Timber Point's first motion to amend the complaint became ripe. In its latest putative complaint, Timber Point adds counts against Millsap & Singer LLC for fraud and against Millsap & Singer P.C. for slander of title. These previously unasserted counts may convert the Millsap entities from nominal parties into real parties in interest.

Where, as here, more than twenty-one days have passed since service and Defendants do not consent to amendment, Timber Point may amend its pleading only with leave of court. *See* Fed. R. Civ. P. 15(a)(2). A court should freely give such leave "when justice so requires." *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citations omitted). A court should deny leave "only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001). A court may also deny leave if the plaintiff seeks to amend solely for the purpose of destroying diversity and forcing a remand. *See Ryan ex rel. Ryan v. Schneider Nat'l Carriers,*

*Inc.*, 263 F.3d 816, 819 (8th Cir. 2001); *cf.* 28 U.S.C. § 1447(e) (vesting discretion in the court to deny or permit an amendment that would *add* non-diverse parties).

### A. The second amended complaint will not destroy diversity because it fraudulently joins the Millsap entities.

In order to determine whether Timber Point seeks to amend its complaint for the purpose of destroying diversity, the Court must first determine whether the amended complaint would actually destroy diversity.

The prospective amended complaint asserts claims against the Millsap entities which are unrelated to challenged foreclosure. Rather, the claims arise from the Millsap entities' allegedly fraudulent filing of an unlawful detainer actioner against Timber Point. These claims make the Millsap entities more than mere nominal parties because the Millsap entities are necessary to adjudicate those claims. *See Caranchini*, 2011 WL 5921364, at *3 (holding that a defendant is a nominal party when it has no stake in the litigation and has "no real, present claims for relief sought against it"). Because Timber Point and the Millsap entities are all citizens of Missouri, the amended complaint will destroy diversity of citizenship and divest this court of subject-matter jurisdiction unless another exception to the complete diversity rule applies.

One such exception is the doctrine of fraudulent joinder, a defendant is not properly joined for removal purposes if there is no reasonable basis for predicting that he will be held liable. *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 405 (8th Cir. 2013). Thus, the joinder is fraudulent "if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (internal quotation marks omitted). However, the joinder is not fraudulent if there is "reasonable basis in fact and law supporting the claim," even if that reasonable basis is speculative. *Id.* at 810 & n.10. In making this determination, the court

should "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," *id.* at 811, and not focus on "the artfulness of the plaintiff's pleadings" as it would for a Rule 12(b)(6) motion. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011).

Here, there is no reasonable basis for the claims. To recover for fraud, a plaintiff must prove: (1) a representation; (2) its falsity; (3) its materiality; (4) the defendant's knowledge of falsity of the representation or ignorance of its truth; (5) the defendant's intent that the representation be acted upon; (6) the plaintiff's ignorance of the falsity of the representation; (7) the plaintiff's reliance on the truth of the representation; (8) the plaintiff's right to rely on the representation; and (9) injury. *Mallek v. First Banc Insurors Agency*, 220 S.W.3d 324, 332 (Mo. Ct. App. 2007). In Timber Point's proposed second amended complaint, it does not allege that Millsap & Singer, LLC made any false representation *to Timber Point* in the course of bringing a supposedly improper unlawful detainer action. The proposed complaint does not allege that Timber Point has relied on any false representation. Because these unpleaded facts are essential to a claim of fraud, there is no reasonable factual basis for Timber Point's fraud claim.

A claim of slander of title requires a plaintiff to prove that the defendant (1) maliciously published (2) false words, and (3) such publication resulted in pecuniary injury to the plaintiff. *Tongay v. Franklin Cnty. Mercantile Bank*, 735 S.W.2d 766, 770 (Mo. Ct. App. 1987). Malicious publication means that "the representation not only was without legal justification or excuse, but was known to be false (i.e., not innocently or ignorantly made)." *Johnson v. Saddler*, 322 S.W.3d 544, 547 (Mo. Ct. App. 2010). Neither the proposed amended complaint nor the record addresses whether Millsap & Singer, P.C. lacked a legal justification or excuse to falsely

slander title. Therefore, there is no reasonable basis in fact supporting Timber Point's slander of title claim.

Because these two new claims against the Millsap entities have no reasonable basis in fact, the Court finds that the Millsap entities were both fraudulently joined. Thus, the Millsap entities' citizenship is ignored for the purpose of determining subject-matter jurisdiction. Because Timber Point and the other Defendant, Bank of America, are not co-citizens, no jurisdictional barrier prevents this Court from hearing this amended complaint.

### B. The Court allows Timber Point to file its second amended complaint.

The Court may now balance the other equities to determine if it should grant Timber Point leave to amend its complaint. The Court finds granting the motion will not unduly prejudice Defendants. On the contrary, by clarifying the disorderly factual allegations of the current Complaint, the proposed second amended complaint might narrow the issues and streamline discovery in this case, ultimately saving all parties time and money. The Court is also not persuaded that amending the Complaint would be wholly futile. By providing more, clearer factual detail, the proposed amended complaint lessens the probability that the Complaint fails to state a claim. The Court thus grants Timber Point's second motion to amend the complaint. Timber Point shall file its proposed second amended complaint within seven days of the date of this Order.

If Defendants would like this Court to dismiss the new complaint, they must file new motions and suggestions. However, these motions and suggestions—as well as any responsive suggestions filed by Timber Point— may not merely reference and incorporate arguments made in previous briefs. Moreover, as the parties are litigating in federal court, the parties shall employ and cite federal procedural law. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate*

*Ins. Co.*, 559 U.S. 393 (2010). For example, Timber Point's second amended complaint repeatedly invokes the Missouri Declaratory Judgments Act, Mo. Rev. Stat. §§ 527.010–.290, but the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, applies in federal court. *See Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 849 (2014).

### III. The Court denies as moot the motions related to Timber Point's original complaint.

Because the Court accepts as filed Timber Point's proposed second amended complaint, it must necessarily deny as moot all motions related to the prior version of that complaint: Timber Point's first motion to amend the complaint; Defendants' motion to dismiss the complaint; and Timber Point's motion for partial summary judgment.

### IV. The Court grants Defendants' motion for an interrogatory.

Although the Court is presently satisfied that diversity of citizenship exists, it grants Defendants' motion for leave to serve a single interrogatory to Timber Point concerning its citizenship. Timber Point is in the best position to provide this information, and doing so should pose a minimal burden of Timber Point. Accordingly, Defendants may serve such an interrogatory on Timber Point. *See* Fed. R. Civ. P. 12(h)(3) (imparting on the district court a continuing obligation to ensure that it has subject-matter jurisdiction). Timber Point shall respond to this interrogatory within ten days of receipt.

### V. The Court denies the motion to stay discovery but limits the scope of discovery.

Finally, Defendants move to stay the Rule 26(f) conference and discovery pending the resolution of the motion to dismiss. The district court has broad discretion to stay discovery, the Rule 26(f) conference, and related deadlines "as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997). The movant bears the burden of persuading the court that a stay is warranted. *Id.* at 708. The court should consider the interests

of judicial economy and efficiency, and the potential prejudice or hardship to the parties. *Johnson v. KFC Corp.*, No. 07-0416-CV-W-HFS, 2007 WL 3376750, at *2 (W.D. Mo. Nov. 7, 2007).

The Court believes that judicial economy would be furthered if discovery commenced. One primary dispute in this case is whether the correct parties foreclosed on the Property. For instance, Bank of America purports to hold the promissory note as trustee for the Series 2007-FF2 Trust, but Timber Point alleges that the trust does not exist. With no pending dispositive motions, the Court believes that the parties should commence discovery to resolve such factual disputes.

Defendants have not demonstrated that Timber Point will experience any prejudice or hardship by participating in discovery. Defendants argue that they will face a hardship because Timber Point has already begun violating discovery rules. Because the Court believes that this hardship is manageable, it denies Defendants' motion and will issue a scheduling order after the parties fulfill their obligations under Federal Rule of Civil Procedure 26. However, the Court first addresses some of Defendants' concerns.

Defendants mention that Timber Point has already issued voluminous and irrelevant discovery requests. They state that Timber Point has propounded forty-four interrogatories and forty-six requests for production on Defendants. This troubles the Court for two reasons. First, a party may serve only twenty-five written interrogatories on any other party. Fed. R. Civ. P. 33(a)(1). A party must also follow the specific procedures for requests for production. *See* Fed. R. Civ. P. 34(b)(1). Second, Timber Point should not be conducting discovery in the first place. Rule 26(d)(1) prohibits a party from seeking discovery without leave of court until the parties

have met and conferred in a Rule 26(f) conference. Because the parties have not had their Rule 26(f) conference, Timber Point's conduct, if true, violates the Federal Rules.

Defendants raise an issue concerning the scope of discovery. Timber Point's amended complaint concerns an allegedly wrongful foreclosure on a deed of trust. Timber Point appears to seek discovery regarding the securitization of Bank of America's promissory note, which Bank of America resists.

In Missouri, "the holder of a note that is in default is generally entitled to foreclose under the deed of trust." *In re Tucker*, 441 B.R. 638 (W.D. Mo. 2010). The holder of the note does not need to be the owner of the note in order to enforce the note or deed of trust. *Fed. Nat'l Mortg. Ass'n v. Conover*, — S.W.3d —, No. WD76276, 2014 WL 113555, at *5 (Mo. Ct. App. Jan. 14, 2014). Thus, Defendants' ability to enforce Timber Point's promissory note does not turn on Defendants' ownership of it. Nor does Timber Point allege that it is a party to the securitized loan trust. Because discovery is limited to matters relevant to a party's claim, Fed. R. Civ. P. 26(b)(1), discovery pertaining to the sale and securitization of Timber Point's promissory note will not be permitted. *See also Lisenbee v. Deutsche Bank Nat'l Trust*, No. 11-CV-597-W-REL, Doc. 100 (W.D. Mo. Mar. 18, 2013).

Although the Court is permitting discovery to commence in a restricted fashion, it reminds the parties that they are subject to the Federal and Local Rules. In particular, the parties must strictly follow Local Rule 37.1 before filing discovery motions with the Court. Abuse of the discovery process will be grounds for sanctions under Rules 11 and 37 and the Court's inherent authority. *See Coral Grp., Inc. v. Shell Oil Co.*, 286 F.R.D. 426 (W.D. Mo. 2012). That said, the parties shall conduct a Rule 26(f) conference within thirty days of the date of this Order.

**Conclusion**

For the reasons discussed above:

- Defendants' motion to dismiss (Doc. 2) is DENIED;
- Defendants' motion to stay the Rule 26(f) conference and discovery until resolution of the motion to dismiss (Doc. 6) is DENIED but the Court ORDERS the parties to adhere to the discovery limitations outlined in this Order, including conducting a Rule 26(f) conference within thirty days of the date of this Order;
- Timber Point's motion for leave to file a second amended complaint (Doc. 20) is DENIED;
- Timber Point's second motion for leave to file a second amended complaint (Doc. 31) is GRANTED and Timber Point is ORDERED to file its new complaint within seven days of the date of this Order;
- Timber Point's motion for partial summary judgment (Doc. 39) is DENIED; and
- Defendants' motion for leave to serve an interrogatory to Timber Point in response to this Court's Show Cause Order (Doc. 42) is GRANTED and Timber Point is ORDERED to respond to such an interrogatory within ten days of receipt.

The parties are further ORDERED to read and follow this Order carefully. If the parties do not abide by its terms, then the Court may strike filings or consider sanctions as appropriate.

**IT IS SO ORDERED.**

Date: June 10, 2014                                          /s/ Greg Kays
                                                            GREG KAYS, CHIEF JUDGE
                                                            UNITED STATES DISTRICT COURT