IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMBER POINT PROPERTIES III, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-CV-3449-S-DGK |
| | ) | |
| BANK OF AMERICA, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER STRIKING THE COMPLAINT**

Defendant Bank of America, N.A. ("BANA") has filed a Motion to Strike Plaintiff's Second Amended Complaint (Doc. 58) pursuant to Federal Rule of Civil Procedure 12(f) and this Court's Order of June 10, 2014 (Doc. 50). For the reasons below, the motion is GRANTED.

**Background**

On March 11, 2014, Plaintiff Timber Point Properties III, LLC ("Timber Point") moved for leave to file a second amended complaint (Doc. 31). Timber Point noted in its motion that its "proposed Second Amended Petition (Complaint) is electronically attached as an exhibit" (Doc. 31, at 1). Timber Point specifically sought for the Court to "show the Second Amended Petition (Complaint) filed" (Doc. 31, at 1). The proposed complaint charged four counts of declaratory judgment, one for common law fraud, and one for slander of title.

The Court granted Timber Point's motion because good cause existed and because the proposed amended complaint would not destroy diversity of citizenship (Doc. 50). In so deciding, the Court reviewed the proposed complaint at length, for example stating, "By providing more, clearer factual detail, *the proposed* amended complaint lessens the probability that the Complaint fails to state a claim." (Doc. 50, at 8 (emphasis added)). The Court then

ordered, "Timber Point shall file its proposed second amended complaint within seven days of the date of this Order" (Doc. 50, at 8). The Court warned, "If the parties do not abide by [the order's] terms, then the Court may strike filings or consider sanctions as appropriate." (Doc. 50, at 12).

The next week, Timber Point filed an amended complaint (Doc. 51). This complaint is not the same one Timber Point previously proposed filing. Rather, it charges one count of quiet title, one for a writ of right, one for common law fraud, and one for slander of title. The count of quiet title includes allegations that no consideration was paid for Timber Point's property, a contention absent in Timber Point's proposed complaint.

BANA now moves to strike the complaint Timber Point filed. Also pending are Timber Point's Motion to Add Party Defendant (Doc. 53) and Millsap & Singer, LLC and Millsap & Singer, P.C.'s Motion to Dismiss for Failure to State a Claim (Doc. 55).

**Discussion**

The primary issue here is whether Timber Point may file an amended complaint that is materially different from the complaint it proposed filing. The Court holds it cannot.

A court should not grant leave to amend a complaint if the plaintiff has not submitted a proposed amendment. *In re 2007 Novastar Fin. Inc., Secs. Litig.*, 579 F.3d 878, 884 (8th Cir. 2009); *see also* CM/ECF Civ. & Crim. Admin. Pro. 8. If the court grants leave to amend, then, the plaintiff must file the amendment it previously proposed because otherwise the proposed amendment would serve no purpose. Here, the complaint filed by Timber Point includes new claims and new underlying allegations that were not present in its proposed filing. The Court has not yet approved the complaint actually filed, so that complaint is procedurally improper. *See 2007 Novastar*, 579 F.3d at 884.

Further, in granting Timber Point's previous motion, the Court discussed the substance of the proposed complaint and directed it to file a complaint consistent with the Court's discussion. Timber Point did not do so, which violated the Court's June 10 order. The Court rejects Timber Point's argument that the Order was ambiguous, and instructs Timber Point to move for clarification if it believes in the future that a Court directive is unclear.

The Court warned the parties that failure to observe the terms of its June 10 order would result in filings being stricken. Accordingly, the Court grants BANA's motion and strikes Timber Point's Second Amended Complaint (Doc. 51). By August 4, 2014, Timber Point shall file the proposed complaint it presented to the Court (Doc. 31-1). If Timber Point wishes to further amend its complaint, then it must follow the proper procedure.

Having stricken Timber Point's Complaint, the Court denies as moot Timber Point's Motion to Add Party Defendant (Doc. 53) and Millsap & Singer, LLC and Millsap & Singer, P.C.'s Motion to Dismiss for Failure to State a Claim (Doc. 55) without expressing any opinion on the merits of those motions.

## Conclusion

For the foregoing reasons, BANA's Motion to Strike (Doc. 58) is GRANTED, Timber Point's Motion to Add Party Defendant (Doc. 53) is DENIED, and Millsap & Singer, LLC and Millsap & Singer, P.C.'s Motion to Dismiss for Failure to State a Claim (Doc. 55) is DENIED. Timber Point's Second Amended Complaint (Doc. 51) is STRICKEN.

**IT IS SO ORDERED.**

Date: July 28, 2014 /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT