IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMBER POINT PROPERTIES III, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-3449-CV-S-DGK |
| | ) | |
| BANK OF AMERICA, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This lawsuit is a dispute over who has the superior claim to a lot and house in Branson, Missouri. Plaintiff Timber Point Properties III, LLC ("Timber Point") owned real property that was sold in a foreclosure orchestrated by non-party U.S. Bank, N.A. ("U.S. Bank") and Defendants Bank of America, N.A. ("Bank of America"), Millsap & Singer, P.C., and Millsap & Singer, LLC (collectively, "the Millsap entities").

Pending before the Court are five motions. Timber Point moves for leave to file a third amended complaint (Doc. 80) and for leave to add U.S. Bank as a defendant (Doc. 81). The Millsap entities move to dismiss the complaint (Doc. 70), as does Bank of America (Doc. 75). Finally, Bank of America moves to stay discovery and consideration of Timber Point's motion to amend until the Court decides the motions to dismiss (Doc. 87).

For the reasons stated below, Timber Point's motions are GRANTED; Defendants' motions are DENIED. The Clerk of the Court is ORDERED to docket Timber Point's proposed complaint.

**Background**

The proposed Third Amended Complaint alleges as follows:

In December 2006, Ryan McKinney ("McKinney") purchased real property in Branson, Missouri ("the Property"). McKinney executed a promissory note ("the Note") with lender First Franklin, a Division of National City Bank ("First Franklin"). The Note was secured by a deed of trust ("the Deed of Trust") on the Property, which named Lincoln-Evans Land Title Company as the trustee, McKinney as the borrower, and the Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for the beneficiary, First Franklin, and First Franklin's "successors and assigns" (Doc. 80-3, at 2). First Franklin recorded the Deed of Trust.

Over the next few years, parties to the Deed of Trust were substituted. In 2011, MERS assigned First Franklin's interest to holders of the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF2 (the "Series 2007-FF2 Trust"). U.S. Bank was the trustee for the Series 2007-FF2 Trust. Timber Point maintains this trust does not actually exist. Regardless, the Series 2007-FF2 Trust appointed Millsap & Singer, P.C. successor trustee in March 2013. (Defendant Millsap & Singer, LLC is Millsap & Singer, P.C.'s counsel.) Bank of America has consistently claimed in this litigation that it was assigned the Note in 2012, but Timber Point alleges that never happened.

In May 2013, Dan and Alicia White ("the Whites") obtained a judgment lien against the Property. The Whites are the constituent members of Timber Point. To satisfy the Whites' judgment debt and execute the Whites' lien, McKinney conveyed the Property to Timber Point by quitclaim deed in July 2013.

In October 2013, the Millsap entities notified Timber Point that Bank of America owned the Note and would sell the Property in foreclosure to recover that debt. The next month, Millsap & Singer, P.C. non-judicially foreclosed on the Property, which was purchased by U.S. Bank on behalf of the Series 2007-FF2 Trust. After Timber Point refused to vacate the Property,

Millsap & Singer, LLC instituted an unlawful detainer action in Missouri state court to oust Timber Point. *See U.S. Bank Nat'l Ass'n v. McKinney*, No. 14AF-AC00010 (Mo. Cir. Ct. filed Jan. 6, 2014).

Timber Point then sued in this Court to regain full title to the Property, contesting the process that led to the foreclosure. Since this litigation commenced, Timber Point has continually filed new proposed complaints. Timber Point filed a First Amended Petition for Declaratory and Injunctive Relief (Doc. 1-1) in the Circuit Court of Taney County. It then moved for leave to file a Second Amended Petition (Doc. 20-1). Before the Court could rule on that motion, Timber Point moved for leave to file a third complaint, which was also entitled a Second Amended Petition (Doc. 31-1). After the Court granted Timber Point leave to file its most recent proposed complaint, Timber Point then filed a different complaint (Doc. 51). When the Court struck that filing, Timber Point filed the complaint the Court originally granted it leave to file (Doc. 69). On September 15, 2014, the deadline for the parties to move to amend pleadings, Timber Point filed the pending motion to file a Third Amended Complaint (Docs. 80-1 to -9). All told, Timber Point has put five distinct complaints on the record.

The Court now takes up the pending motions.

**Discussion**

The Court begins with Timber Point's motion for leave to file a third amended complaint. At this point in the litigation, Timber Point may amend its pleading only with leave of court. *See* Fed. R. Civ. P. 15(a)(2). A court should "freely give leave when justice so requires," *id.*, and deny leave "only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001).

3

Bank of America, the only Defendant resisting Timber Point's amendment, argues that the "amended complaint . . . is as fundamentally unsound as each of the prior amended complaints" (Doc. 88, at 3). Timber Point's motion, Bank of America argues, is further evidence of Timber Point's "endless improper procedural maneuvering" and so should be denied (*Id.*).

While the Court understands Bank of America's frustration, Timber Point should be allowed to amend its complaint. First, the factual allegations and legal theories in the proposed complaint are clearer, which should help streamline this litigation. Second, the Court gives no weight to the fact that Bank of America had a pending motion to dismiss when Timber Point moved to amend. By filing a motion to dismiss before the scheduling order's deadline to amend pleadings, Bank of America assumed the risk that Timber Point might try to again amend its complaint.

Third, the Court can address Bank of America's complaints about procedural maneuvering by sua sponte evaluating the newly accepted complaint under Rule 12(b)(6) in a forthcoming order. Finally, the Court's ability to manage this litigation will not be hampered if it grants the amendment. The scheduling order no longer permits Timber Point to amend, so any future amendments must satisfy not only Rule 15(a)(2) but also the much higher bar of Rule 16(b)(4). *See Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 786–87 (8th Cir. 2014). Thus, Timber Point will be greatly restricted in its ability to propose any new pleadings.

Accordingly, the Court GRANTS Timber Point's motions to amend its complaint and to join U.S. Bank as a defendant in that new complaint. The Clerk of the Court will docket Timber Point's proposed Third Amended Complaint.

Because Defendants' motions to aim to eliminate prior complaints, those two motions are DENIED AS MOOT. In light of this holding, the Court necessarily DENIES AS MOOT Bank

of America's motion to stay consideration of Timber Point's motions and to stay discovery pending resolution of its motion to dismiss.

## Conclusion

For the foregoing reasons, Timber Point's motions are GRANTED (Docs. 80, 81); Defendants' motions are DENIED (Docs. 70, 75, 87). The Clerk of the Court is ORDERED to docket Timber Point's proposed complaint (Doc. 80-1), including all proposed exhibits (Docs. 80-2 to -9).

**IT IS SO ORDERED.**

Date:  December 10, 2014            /s/ Greg Kays
                                    GREG KAYS, CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT